UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICHOLAS DENNARD PARTRIDGE,<br><br>                    Plaintiff,<br><br>          -against-<br><br>AUTHENTIC BRANDS GROUP, LLC; JAMIE SALTER,<br><br>                    Defendants. | 1:24-CV-8742 (LTS)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO REPLEAD |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Nicholas Dennard Partridge, of Decatur, Georgia, who is appearing *pro se*, filed this action asserting claims of copyright infringement under federal law. He sues: (1) Authentic Brands Group, LLC ("ABG"), of New York, New York; and (2) Jaime Salter, who, he alleges, is ABG's owner and Chief Executive Officer. Plaintiff appears to seek damages and, perhaps, mediation.[1]

By Order dated December 20, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons discussed below, the Court dismisses this action *sua sponte*, but grants Plaintiff 30 days' leave to replead his own claims of copyright infringement in an amended complaint.[2]

---

[1] After Plaintiff filed his complaint, he filed multiple letters (ECF 11, 13-17, 19-20), which the Court construes as supplements to his complaint.

[2] The Court notes that, even though the Court has not directed that summonses be issued and, therefore, service of process could not have been performed on the defendants, on December 5, 2024, counsel for defendants filed a letter requesting that the Court deny Plaintiff's application to proceed IFP or, in the event that the Court grants Plaintiff IFP status, dismiss this action *sua sponte* as frivolous. (ECF 8.) The Court also notes that, by Order dated and entered on September 11, 2025, the Court denied Plaintiff's application for the court to request *pro bono* counsel (ECF 4) without prejudice to Plaintiff's filing another such application should this action proceed following review under the IFP statute, 28 U.S.C. § 1915. (ECF 18.)

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

**BACKGROUND**

Plaintiff alleges the following in his complaint's statement of claim: In 2015, Plaintiff wrote a song, which appears to be titled "Big."[3] On September 1, 2015, in Atlanta, Georgia, that song "was used to give Colin Kaepernick the Muhammad Ali Humanitarian Legacy Award," which was presented to Kaepernick by Beyonce Knowles Carter. (ECF 1, at 5.)

Plaintiff states that ABG:

has made money off of [him] from this song using the song for a business proposition knowing that [Plaintiff's] [g]rand[f]ather was in [the] Vietnam [W]ar, [the] same war Muhammad Ali didn't go into . . . due to the drafting and [he] was sentenced along with [his boxing title being stripped from him]. The song was dedicated to a close friend of [Plaintiff's] who was shot down by DeKalb County[,] Georgia[,] Police back in 2006 by the name of Larry Bernard Pitts. . . . Defendant [ABG] has used [his] song from the Humanitarian Legacy Award to magazines parties of placing a statement on the front cover stating ["]Nick said Go Big or Go Home.["] The [song] is called ["]Big["] produced by Dukie Stanz Production. [Plaintiff has] never met the defendant[s] . . . or anyone from a contract agreement for using . . . this song as a business proposition and this has also created the company to extort my company Cash Harbor LLC and the entertainment behind the company.

(*Id.* at 5-6.)

Plaintiff asserts, in the portion of his complaint in which he states the basis for the court's subject matter jurisdiction to consider this action, that this action falls under the court's federal question jurisdiction as a copyright infringement action. (*Id.* at 2.)

Plaintiff has attached to his complaint a Decision and Order on Motion issued on November 8, 2021, by the New York Supreme Court, New York County, in an action before that court brought by Plaintiff against ABG, known as *Partridge v. Authentic Brands Grp LLC*, Index No. 100726/2023. (*Id.* at 8-14.) In that Decision and Order, the state court denied Plaintiff's

---

[3] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the complaint unless noted otherwise.

motion for a default judgment and granted ABG's cross-motion to dismiss that action because it could not exercise jurisdiction over ABG due to improper service. (*Id.*) In addition, the state court held that, with respect to Plaintiff's complaint filed in that state court civil action, "[w]hile the complaint is hard to decipher, it does appear to sound in copyright. As such, viewing the complaint in the light most favorable to the plaintiff and granting plaintiff all favorable inferences, the matter must be dismissed, as the Court does not have jurisdiction over federal copyright law." (*Id.* at 8.)

In some of his supplements to his complaint, Plaintiff states that "[his] biggest concern would be population paying attention because of music artist that are aware and has made music on the behalf." (ECF 13, at 1.) He does not "know why . . . [ABG] would leave . . . [him] out of this business deal with awarding Colin Kaepernick, but it show that the company has designed the award for a specific individual, not for who was nominated." (ECF 15.) In addition to damages, he requests mediation. (ECF 16-17.)

## DISCUSSION

### A.    Claims on behalf of Cash Harbor LLC

To the extent that Plaintiff asserts claims *pro se* on behalf of Cash Harbor LLC, the Court must dismiss such claims. The statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). A nonlawyer cannot bring suit on behalf of another person or on behalf of an artificial entity, *see United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); courts generally do not allow corporations, partnerships, associations, and other artificial entities, to appear without an

attorney, *see Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993). This rule also applies to a limited liability company (an "LLC"), such as Cash Harbor LLC. *See Lattanzio*, 481 F.3d at 140.

Plaintiff does not allege that he is an attorney. He cannot, therefore, assert claims *pro se* on behalf of Cash Harbor LLC. Because Plaintiff is not permitted to do so, the Court dismisses these claims without prejudice to Cash Harbor LLC's raising its own claims in a separate civil action.[4]

**B.    Plaintiff's own copyright infringement claims**

To the extent that Plaintiff asserts his own claims of copyright infringement against the defendants, under the federal Copyright Act, 17 U.S.C. § 501, *et seq.*, the Court must dismiss these claims. "To state a claim for copyright infringement, a plaintiff must allege 'both (1) ownership of a valid copyright and (2) infringement of the copyright by the defendant.'" *Spinelli v. Nat'l Football League*, 903 F.3d 185, 197 (2d Cir. 2018) (citation omitted). The registration of a plaintiff's copyright with the United States Copyright Office is not required for a work to obtain copyright protection. *See* 17 U.S.C. § 408(a) ("[R]egistration is not a condition of copyright protection."). Nevertheless, preregistration or registration of a copyright with the United States Copyright Office is a precondition for bringing a copyright infringement action in federal court. The Copyright Act provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright

---

[4] This Court has made clear to Plaintiff, on multiple occasions after he filed the present action, that he cannot assert claims *pro se* on behalf of Cash Harbor LLC. *See Partridge v. Black Rock LLC*, No. 1:25-CV-0696 (LTS), 2025 WL 2986561, at *2 (S.D.N.Y Sept. 15, 2025); *Partridge v. Black Rock LLC*, 1:25-CV-0696, 2025 WL 2452188, at *2 (S.D.N.Y. Aug. 25, 2025), *appeal pending*, No. 25-2074 (2d Cir.); *Partridge v. Black Rock LLC*, No. 1:25-CV-0696 (LTS), 2025 WL 1736599, at *2 (S.D.N.Y. June 20, 2025).

claim has been made in accordance with this title." 17 U.S.C. § 411(a); *see also Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 158 (2010) (holding that copyright preregistration or registration is a condition that a plaintiff "must satisfy before filing an infringement claim and invoking the [Copyright] Act's remedial provisions"); *Newton v. Penguin/Berkley Publ'g USA*, No. 13-CV-1283 (CM), 2014 WL 61232, at *4 (S.D.N.Y. Jan. 6, 2014) ("The Supreme Court has held that this provision imposes a 'precondition' to filing a claim for copyright infringement.").

Plaintiff alleges nothing to suggest that he owns any copyright to his song that is preregistered or registered with the United States Copyright Office. It is also unclear from Plaintiff's complaint and supplements whether both or one of the defendants allegedly infringed on any preregistered or registered copyright that Plaintiff may own, and, if so, how they did so. The Court therefore dismisses Plaintiff's claims of copyright infringement for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to replead his federal law claims of copyright infringement in an amended complaint in which he provides facts showing that: (1) he owns a copyright for the work that is the basis for his federal law claims of copyright infringement; (2) the copyright is preregistered or registered with the United States Copyright Office; and (3) the defendant named in the amended complaint infringed upon that copyright.

## C.    Warning

This is not the first time that the Court has dismissed as nonmeritorious a civil action brought by Plaintiff in this court *pro se*. *See Partridge v. Black Rock LLC*, No. 1:25-CV-0696, 2025 WL 2452188 (S.D.N.Y. Aug. 25, 2025) (dismissing action *sua sponte*; all claims under federal law dismissed for failure to state claim on which relief may be granted, including claims of copyright infringement that are unassociated with this action), *appeal pending*, No. 25-2074 (2d Cir.); *Partridge v. Masley*, No. 1:22-CV-3206 (LTS), 2022 WL 2222939 (S.D.N.Y. June 21,

2022) (dismissing action *sua sponte* under the doctrine of judicial immunity, and consequently, as frivolous, as well as prohibited by the Anti-Injunction Act), *appeal dismissed as frivolous*, No. 22-1848 (2d Cir. Feb. 3, 2023). In light of Plaintiff's litigation history in this court, especially his repeated assertions of claims *pro se* on behalf of Cash Harbor LLC, *see supra* note 4, and his previous assertion of copyright infringement claims that similarly failed to state a claim on which relief may be granted, *see Partridge,* 2025 WL 2452188, the Court warns Plaintiff that, if he brings further nonmeritorious litigation in this court, the court may issue an Order barring him from filing new civil actions in this court IFP unless he receives leave from the court to file, *see* 28 U.S.C. § 1651; *Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

## D.    Leave to amend is granted

Plaintiff proceeds in this matter without the benefit of an attorney. Federal district courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim of copyright infringement, the Court grants Plaintiff 30 days' leave to replead those claims in an amended complaint, as specified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this Order.

## CONCLUSION

The Court dismisses this action for reasons set forth in this Order. To the extent that Plaintiff asserts claims *pro se* on behalf of Cash Harbor LLC, the Court dismisses those claims without prejudice. The Court dismisses Plaintiff's own federal law claims of copyright infringement for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court also denies all pending requests, including any for the issuance of subpoenas. The Court, however, grants Plaintiff 30 days' leave to replead his own claims of copyright infringement in an amended complaint.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this Order.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    December 22, 2025
          New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge

8