UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICHOLAS PARTRIDGE,

                Plaintiff,

       -against-

AUTHENTIC BRANDS GROUP LLP; CEO –
JAMIE SALTER,

                Defendants.

1:24-CV-8742 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated December 22, 2025, the Court dismissed this *pro se* action in which Plaintiff proceeds *in forma pauperis* ("IFP"). (ECF 23.) The Court dismissed without prejudice Plaintiff's claims that he asserted *pro se* on behalf of Cash Harbor LLC. (*Id.*) The Court also dismissed Plaintiff's own federal law claims of copyright infringement for failure to state a claim on which relief may be granted, under 28 U.S.C. § 1915(e)(2)(B)(ii), and denied all pending requests, including any for the issuance of subpoenas. (*Id.*) The Court, however, granted Plaintiff 30 days' leave to replead his own federal law claims of copyright infringement in an amended complaint. (*Id.*) The Court warned Plaintiff that, if he did not file an amended complaint within the time allowed, the Court would direct the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in that order.[1] (*Id.*)

On January 18, 2026, Plaintiff filed an amended complaint in which he, again, asserts federal law claims of copyright infringement. (ECF 24.) In his amended complaint, he names

---

[1] The Court also warned Plaintiff that, because of his litigation history in this court, "if he brings further nonmeritorious litigation in this court, the court may issue an Order barring him from filing new civil actions in this court IFP unless he receives leave from the court to file." (ECF 23, at 6-7.)

Authentic Brands Group LLC and its Chief Executive Officer, Jamie Salter, as Defendants. (*Id.*) On January 22, 2026, counsel for Defendants filed a letter requesting that the Court dismiss this action *sua sponte* and issue an order barring Plaintiff from filing new civil actions in this court IFP without leave of the court. (ECF 25.) On that same date, on January 25, 2026, and on February 9, 2026, Plaintiff filed letters alleging new facts and accusing counsel for Defendants of hacking into his email accounts; the Court construes these submissions as supplements to the amended complaint. (ECF 26, 27, 28.)

The Court, in its December 22, 2025 order, discussed the pleading requirements to state a claim of copyright infringement under federal law. (ECF 23, at 5-6.) Plaintiff's amended complaint and his supplements allege no facts that satisfy those pleading requirements. Accordingly, the Court dismisses this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

The Court dismisses this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court also reiterates the warning to Plaintiff that the Court articulated in its December 22, 2025 order: "the Court warns Plaintiff that, if he brings further nonmeritorious litigation in this court, the court may issue an Order barring him from filing new civil actions in this court IFP unless he receives leave from the court to file." (ECF 23, at 7.)

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reason set forth in this order.

SO ORDERED.

Dated:    March 11, 2026
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge